I may be saying that wrong, versus Innovasystems, Inc. I may be saying that wrong, versus Innovasystems, Inc. I may be saying that wrong, versus Innovasystems, Inc. The Court can affirm Claim 3 and at the outset should look specifically at the preamble to narrow the scope of Claim 3 by virtue of the Federal Circuit's decision in the Proveris, what we call the Proveris 3 case, which is cited at 739 F 1367, also in our Joint Appendix at page 536. Based on that case, the rule between the parties in this case is that the preamble is, in fact, limiting. It was an argument that third-party requester Innovasystems raised in defense to contempt, and Innova won on that argument. The Federal Circuit ruled that the preamble... Right, but we have a mystery. We know that there is a binding precedent that says the preamble limits Claim 3, right? But we don't know what it is, right? We don't know what the precise limitation is because the board didn't tell us, right? No, Your Honor, I don't think that's true. I'm sorry, with the board? The Federal Circuit told us at least what one aspect of the preamble is limited. Because what the Federal Circuit did was look first to the specification to find, quote, that the specification identifies the invention as producing a sequential set of images and focuses on the ability of the invention to capture the time evolution of the spray. The Federal Circuit then looked at the preamble to Claim 3 and said it's the only reference of any independent claim to the inventive concept of capturing a sequence of images in order to characterize the time evolution of the spray plume. I see, now what's that mean in the English language? I'm sorry? What's that mean in the English language for writing a limitation in the claim, adding something to Claim 3 that isn't already there? It's not adding anything to Claim 3, Your Honor, because the preamble that's in Claim 3 states that the apparatus is for producing image data representative of at least one sequential set of images of a spray plume. The Federal Circuit found that that language means or incorporates the concept of capturing the time evolution of a spray plume because it's the only place in any independent claim where that inventive concept is found. So it's not adding anything to the claim. There's nothing that has to be added into this claim to affirm it. It's all in the intrinsic record and actually first in the claim itself. So looking at that language, the Federal Circuit in Pro Veris 3 then went on and looked at the body of the claim, noting that an imaging device for generating the image data, the phrase the image data, clearly derives antecedent basis from the phrase image data in the preamble. Counsel, I feel like you need to get to your point. I mean, I think that you're strangely arguing with Judge Clevenger over something that I don't even understand. Everybody agrees the preamble is a limitation. The fact that there's antecedent basis is irrelevant. There's antecedent basis goes to whether it's a limitation. That's something we're bound by. So why don't you get to your point, which it seems to me is the point that Judge Clevenger was trying to move you along to, which is you say the preamble should be limiting. And in particular, one of your arguments that seems quite important to you is the geometric plane and whether it has to be one geometric plane at a time. And so why don't you get to that with specificity? Why does this preamble, which just says along a geometric plane, necessarily limit the claim to one geometric plane at a time? Because when you're looking at the preamble, a geometric plane, and by virtue of what is being described in the preamble, it has to happen one geometric plane at a time. Now what the Board did is look at the specification and say, and admit it. The Board admitted that the specification only depicts one plane at a time and repeatedly refers to one plane at a time, except for one place. And in one place, the specification does disclose, and this is on page 6... What do you mean by one plane at a time? Explain to me in the working of the invention, what does that mean? Okay. What that means, and this is claim 3, is that an illuminator... Light that projects along multiple planes is like light in this room. So what you're arguing is that you basically need a structured light... Exactly, that projects a thin sheet of light, and there's no dispute about the thin sheet of light. I'm sort of trying to put the pieces together, because when you were originally in front of your exam a long time ago, to distinguish over prior art, which was a beam art, a laser light, you said, we're not that. We are structured light. We said we're structured light. So that, I mean, you wouldn't be able to go out and sue infringement over somebody that you had to beam. So you say, that's the kind of light we are. And you say, that's the reason why we're that kind of light, is because of the kind of measurements we're trying to achieve in an accurate way, and you can't get those with a beam of light. So that's what you say. So you say, that's what we're talking about, and it gets into this one plane. The board seems to think you mean only one plane at a time, as opposed to many planes, but all... Provera says one plane at a time. The board said that by virtue of the specifications disclosure of an illumination device adapted to simultaneously or sequentially illuminate the spray, etc., that because it said simultaneously, it means two. Now, here's the interesting part. The way I was seeing the case was that you were trying to say, basically what my invention is doing is using structured light as my illuminating source. And we distinguish over prior art that doesn't. You then have a bunch of stuff happening in the district court that never really gets to claim construction. You finally get up to the federal circuit and they say, oh, whoops, wait a second. Your preamble limits the claim, but we can't figure it out. We'll let the district court do it on remand. It goes back to the district court. Our opinion adds some verbiage, talking a little bit about the preamble, but expressly says we're passing. We're not going to construe the claim. Well, what the court said was that we're not going to construe the disputed language. That's what the court said. So my point is, you go back and then the case goes through the process on the re-exam, and you get an original opinion on the re-exam. The board is saying you made an argument here that you are limited to structured light. We reject that. You come back on the request on the re-hearing and you say, whoops, you haven't taken account of the preamble. Now, aren't you somehow saying the preamble is helping to teach us that we have to use structured light? The preamble does that and more than that. For instance, with the preamble, and this is why we bring up the federal case. Stick with me. You're saying that you agree with me thus far that you're saying to the board on the re-hearing, if you take account of the preamble the way you were told to, you'll appreciate that we were right all along that structured light is required for the invention. Yes, and for other reasons, because you don't even have to get to structured light for the majority of the references. The other reason is the sequence of images that is the only place where the inventive concept of a time evolution of the spray is found. Only one reference in all the cited references even remotely discloses a time evolution of the spray. That has to do with the prior reading on the properly interpreted claims. What I was understanding that you were trying to achieve here was the fact that your claim has been misunderstood from claim day one at the original examiner when you were trying to say what we were limited to. It followed straight through when you're reminded on your re-hearing, look at the preamble, you'll understand that. Once you've done that, then you're going to have to go back and re-look at the prior art. What the preamble gets to with the reference to a geometric plane as antecedent basis for the later claims along at least one geometric plane is essentially that it can only be one geometric plane at a time. I don't see how. I mean, at least one geometric plane. Your definition would read out the at least one. Your claim says at least one, so that means this claim covers two or three or four. No, it wouldn't, Your Honor, because with the structured light source, with the geometric plane, in order to do, for instance, what's disclosed in claim five, the illuminator has to be able to project along at least one geometric plane. Why can't it project along two? That's what's disclosed in the specification as the alternative simultaneous or sequential, but what's only claimed is sequential. No, your claim is at least one geometric plane. The plane language of that includes and anticipates coverage of more than one. But not at the same time. Your not-at-the-same-time language would actually seem to me to be completely inconsistent with the claim language. It's not the one you look at along a geometric plane that intersects the spray plane. That's the preamble, but the body of the claim says along at least one geometric plane. The body of the claim expressly says at least one. That means it expressly covers two or three or four and anticipates that. No, not in this case. Then you should have chosen a different claim language. I respectfully disagree with that because when you look at the specification, everything in the specification, as the board even admits, is one at a time. Because when you look at claim five, which is dependent and therefore can't be broader than claim three, claim five expressly discloses a first time sequential set of images and then a second time sequential set of images. If claim three were to be read the way the board would have it be read, then claim five would be broader. It can't happen like that. You want us to read the claim to teach a single plane of light. Right, the illuminator has to teach it. But doesn't the prior art teach that as well? It seems to me that even if we adopt your claim construction that you lose because of the prior art. No, the prior art doesn't teach a geometric plane at all. None of the illuminators in the prior art actually teach that. Even if the court concluded that it did, which Proversch disagrees with, that's where the preamble also becomes important because none of the references, with the possible exception of the Mizuch reference, teaches capturing the time evolution of a spray plume along a geometric plane. It physically can't happen. That's like standing in the room right here and spraying a short duration spray and trying to see the time evolution. Coming back to your one or more point, wasn't the board's view that because you can have, when you say at least one geometric plane, you have an infinite number of geometric planes, you produce a beam? You're telling me that you surrendered scope in terms of a beam. We're not claiming beam at all. But if you have an infinite number of geometric planes, you end up a beam. Which we're not claiming. I'm trying to get you back to the point talking with the presiding judge about what one or more means. You're saying you think that it's talking about more than one, but not at the same time. There's just a disconnect in the one or more here. The short of the matter is that you feel you've disclaimed an infinite number of planes because that produces the beam. Your claim covers a whole lot of images, right? Depends on what you mean by that. What the claim covers is only a sequence of images along a geometric plane. However, that geometric plane could shift so that the first sequential set of images is perpendicular to a short duration spray. The second set of images is at a 40 degree angle change from the perpendicular. So you agree there could be an infinite number of geometric planes. But only one at a time. And the board even recognizes that. And I direct you to pages 39 and 40 of the appendix. Ms. Farina, you've used all of your rebuttal time and all of your main time. I'll restore two minutes of rebuttal, but I think finish your answer to Judge Clevenger's question and then we need to move on. Thank you, Your Honor. The board said, we don't find your use of the Norian case to be persuasive. Because in the Norian case, the specification uses only a single solute and makes no reference to using a mixture of multiple solutes, etc. And then the board says, in contrast here, the specification supports simultaneously illuminating two geometric planes. On the next page in footnote 2, the board says, look, we recognize that the specification describes simultaneously illuminating just two geometric planes. That's it. And then the board says, but there's nothing in the specification to suggest that it's limited only to two geometric planes. Which is crazy, because that puts Porveris in the position of having to provide negative disclosures for every type of light that's out there. Okay, I think we have to stop you before your end, because that was a very long answer to Judge Clevenger's question. So let's hear from Mr. Pasilico. Thank you. My name is Joseph Pasilico. I'm representing Inova in this case. With me is Frank Carroll. We're from Fox Rothschild. The board's decision in this case should be affirmed for two very important fundamental reasons. The first one is that there is no error in the claim construction as the board presented it. One of the things I'm going to do is go through and explain why there is no error. So that's one main reason. Given that there's no error, there's no reason for reversal. But the second reason is, even if you take Porveris' claim constructions, which they say the board should have made, the result is still the same. The decision here is the same. The prior art discloses the things that they are trying to read. Well, you're asking us to make that determination. The board didn't make that determination. The board didn't read the prior art against a different claim construction. Well, it actually did in connection with reviewing the petition for re-hearing. I reach a conclusion that the board didn't properly take account of the preamble in the re-hearing decision. Then you've got to agree that they didn't read the prior art against the correct interpretation. Porveris still loses. Let's assume that's an error. It's Porveris' burden to show that error is not harmless error. In other words, would there have been a different result in this case? Porveris spends almost its entire time in its brief saying that the claim construction is wrong, and no time providing this court with the ammunition it would need to say, and because of that different claim construction, when I apply that claim construction and I look at the prior art, I only have one conclusion, that the claims are not anticipated and the claims are in fact obvious. They have not done that. There's not a scintilla of evidence in this case which establishes that, and it was their burden to do so. Notwithstanding that, we went ahead and we, by way of example, because there's 47 separate rejections in this case, we included in our brief on page 11, just by way of example, a side-by-side comparison of the Porveris figure and the figure from Deljurevic, which the board cited Deljurevic's reference as anticipating claim 15. And the reason we brought that to the court's attention is because claim 15 expressly includes the limitation of a thin sheet of light that Porveris says should be read in to the main claim. Do you agree that in the original prosecution Porveris surrendered a beam of light as an eliminating source? No, Your Honor. There's no evidence of that. It's at page 4 and 5 of their brief, they're talking about the prior art that was cited to them by the original examiner. This is Krohn-Schmidt and Gardner. Krohn-Schmidt is a laser beam, and they say we're not that. Yes, so we have to be careful, and I think that's appendix A255, which is a single page from the prosecution history that they rely on as allegedly constituting the surrender. And if you go to that page, first of all, Your Honor, there's nothing in the record that actually tells us what claims were pending in the case at that time. The one thing that's sure is they're not the claims as they issued because the claims don't match up. If you read the remarks there, it says claim one is the only independent claim. But putting that aside, what they're saying in Krohn-Schmidt, Your Honor, is Krohn-Schmidt is the type of device where the laser beam is used to... You see the drawing in Krohn-Schmidt, it just shines the beam straight through the plant. Yes, and that's their point of distinction. They're saying that the purpose of the light in Krohn, and they say this in their third full paragraph, they say the purpose of the light in Krohn is to have a light sensing device on the other side of the plume to measure how much the light is attenuated. So they're right in the sense that Krohn-Schmidt does not deal with the concept of illuminating the plume. Well, they're not dealing with structured light. I'm coming back to the structured light and the non-structured light distinction. It would have been very easy for Kroveris during this prosecution to have said exactly what Ms. Farina just said, and that is this patent is different than Krohn-Schmidt because Krohn-Schmidt uses unstructured light and we use structured light. Let's assume that I read it that way. Say I read the original prosecution for Kroveris to say we use structured light, we only use beams. So in other words, you're reading the page 255 that they are making the distinction. They surrendered scope. You certainly would argue that if your client used a beam and they were trying to sue you for infringement, you'd say, ha ha, they surrendered the scope during the original prosecution. Doesn't the invention require structured light? They're not going to get what they want without it. The kind of readings they want in time. Here's why I would answer your question as no. Even if you could read this as distinguishing structured and unstructured light, which I'd like to get back to that because I don't think it does, but even if you read it that way, according to the Symed case, the disavowal of claims scope has to be clear and I think the term they use is unmistakable. In this particular case, so what did Symed do? Symed, the court, looked at four factors. All of those factors they looked at before they got to the prosecution history. What did the board think the preamble added to Claim 3? Because before the board, the original examiner, were looking at Claim 3, they ignored the preamble. What, in your opinion, did the board think the preamble added to Claim 3? I do think the board didn't ignore the preamble even before the Proveris decision. They did mention it, but they didn't focus on it. What I think the board thought that the preamble added to the claim was this concept, the requirement that the device provide a time evolution sequence of images of the spray plume. Because that's what the Federal Circuit talked about in Proveris 3. Where in the board's re-hearing opinion would you point me to tell me that that's where I know what they're thinking? To be candid with you, I'm having a little bit of an N. Ray Lee problem here. N. Ray Lee is a presidential case that says that when the patent office through the board renders its decisions, we're supposed to be able to understand what they say. So they clearly had an obligation to find something new in Claim 3 that wasn't there before, and they should tell us what it is and then tell us why it is that their previous decision on the prior art is the same. Well, Your Honor, I would say... So show me in the re-hearing decision, if you could, sir, where they are accounting for what the preamble did to Claim 3. Bear with me one second. So that begins at 837. So I guess two things, Your Honor. One is the board... Like in here. So they realize that they're supposed to take account of the preamble, right? Correct. They realize that. And what the board did on re-hearing, Your Honor, is responded to the points raised by Proveris in their request for re-hearing. And Proveris articulated several arguments why the change in the preamble or the terminology from the preamble should affect the construction of the claim. And the board goes through. They specifically identify... One of those things, for example, was the issue that Judge Moore was talking about, and that is at the bottom of page 839. They repeat the patent owner's statement. But I'm just looking for... They can say, no, no, we disagree with you, Proveris, with what you think the preamble did. But where does the board say, well, ha, ha, here's what it does do? Let's just see. Well, again, I think the board does not lay out what I would call kind of a classic claim construction analysis in the re-hearing. But I think what the board said is we've looked at... And the board did look at the preamble in the original decision. There was reference to the preamble in the original decision. They looked at this request... Well, I disagree, Your Honor, because... Well, they would have told us that. But again, part of their... But again, I think, Your Honor, on appeal here, the question is, even if the board should have interpreted the preamble, and even if the board had decided that the preamble means one plane at a time... Don't I need to know what the claim means in the light of the preamble so that I can decide whether you're right? Or, as Judge Reina said, his question was, well, isn't the result the same on the prior art? How do I know that until I know the correct interpretation? Well, I think for the purposes of this appeal, Your Honor, the correct interpretation, if we give the benefit to Proveris, it's what they say the correct interpretation is. So, in other words, we're here on appeal based upon Proveris' statement that the claim should have been interpreted according to... And in this case, that one plane means one... At least one plane, at least one geometric plane, which is the claim language, means only one plane at a time. That the term illuminator should be construed as a thin sheet of light. And that the term spray plume should mean only a spray plume that comes from a drug delivery device and lasts one second. Those are their three claim construction positions that they have argued was error for the Board not to adopt. And on appeal here, it was Proveris' burden to establish for the benefit of this panel that those errors were not harmless errors. And they didn't do that. And that alone is sufficient for this Board to say their appeal should be denied and the Board's decision affirmed. The only other point I'll make before I close is, Judge Moore, you had raised the question about the meaning of at least one, meaning only one, according to Proveris' construction. And in their, I think this is important to note, in their brief, they cite the Halmedica case for the proposition that it says at least one means only one. And that's not what the Halmedica case says. They're not saying it means it's limited to one. They're saying it can be many, but only one at a time. That's different than the normal, you know, comprising language says, you know, at least one means one or more. They say, yeah, more than one, no question about it, in terms of the counting the numbers. They're just saying at a time. That's a different matter. Except if you say one at a time, that is still a limitation on the at least one that's not in the claim. And it's constraining. That's also giving, allowing the preamble to breathe life into at least one. Well, again, the other thing that's important about this. You agree that a preamble, right, can breathe life into a limitation that exists in the claim. I agree with that, Your Honor. There's a case law that says it can't breathe life into at least one. Well, understood in that case, Your Honor. But in this particular case, I would posit this. First of all, the use of a geometric plane in the preamble does not have anything to do with the illuminator or the light. If you read the preamble that refers to a geometric plane, it's referring to the image. It's not referring to the illuminator. At a predetermined instant in time. No, no. So just to be clear, Your Honor, if we go back to the claim. I'm talking about the preamble. Exactly. So claim three, the preamble. Yes, but that's not the point where they're talking about. If you look at the preamble, they're referring to the language that appears after small i. They see it says along a geometric plane. Right. In claim three, they're arguing that that a there. It doesn't say at least one geometric plane. It says along a geometric plane. Their argument is that a is antecedent basis for their argument about structured light. But that's wrong, Your Honor, because that a geometric plane doesn't refer to the illuminator or the light at all. If you go back, it's referring to the image. It's saying the image is representative of a density characteristic of the spray plume along a geometric plane. It's not making any connection to the illuminator. So the image, in that case, Your Honor, the camera, is what takes the image. It can focus on a single geometric plane even if the illuminator is illuminating multiple geometric planes. So it's a conflation of ideas there. And if that's an additional limitation that Pro Veris 3 said needs to be incorporated into the claim, is there any argument about whether that limitation is met in the anticipation references? No, I think there's no question about that. Because one of Pro Veris's arguments is that if you look, for example, at page 11 of our brief, we see that the Del Giorovis reference has a single image, one geometric plane at a time, and it describes that the video camera takes a video image along that one geometric plane. And the question about whether the prior art discloses a time evolution of the plume is really a red herring. Because most of this prior art discloses a video camera. Okay, we're way over time, so we're going to have to stop now. Let's let Ms. Farina come up and give her two minutes of rebuttal time. Thank you for the opportunity for some brief replies. Your adversary says even if you're right on claim construction, you lose because you haven't made it showing to us that it makes any difference. They say your brief doesn't deal with, doesn't go through the prior art and say, okay, we're right on claim construction, and for that reason, the board's wrong on the way it read the prior art. Two points to that, Your Honor. First of all, we requested a hearing with the board in order to provide a full argument regarding the preamble. We were denied it, so we haven't had the opportunity. He's talking about what you said to us. Looking specifically to the Proveris III court's decision in context with the body of the claim in the preamble, the Proveris III decision explicitly stated that the image data in the body of the claim derives antecedent basis from image data in the preamble. But you're not answering my question. Your adversary says even if you're right on the claim construction, you haven't made any showing in your brief that the board is wrong. You haven't made any showing in your brief with the prior art. This is the point that Judge Rana was raising, I believe, the first point he raised today. I disagree, Your Honor. I direct the court to page 17 of our reply brief, because in that, on page 17, we have a chart that shows that the references that are raised, at least from participation, don't include image data, as image data narrows the patent in the preamble. It's talking specifically about capturing a sequence of images to capture the time evolution of the spray and being along a geometric plane. None of the references uses a geometric plane to capture a sequence of images at a predetermined instant in time of a density characteristic that includes the time evolution of the spray. None of them do that. Disclose a planar region of illumination to capture images of a planar region within a flow. I'm sorry, which reference? The Dejourovich. Dejourovich. Dejourovich does not capture any sequence of images to characterize the time evolution of the spray, which is what the Proveris III court found to be limiting in its decision. There's no disclosure whatsoever that anything like that is happening, before you even get to what along at least one geometric plane means. You don't even have to reach that question for Dejourovich, because they're not capturing the time evolution of the spray. What does the camera do in that reference? In Dejourovich? It's filming what they're doing, but they're not capturing a time evolution of the spray. In that case, it's a steady flow. It's just on. There is no time evolution. Again, what you have to do is go back to the specification, and I addressed the court to the pacing technologies case that came out this year. Pacing technology talks explicitly about disavowal. When you look at the specification, you look at the intrinsic record. There is nothing anywhere that talks about anything other than a geometric plane.